UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JERRY PATRICK WILLIAMS                                                                PETITIONER

VERSUS                                                      CIVIL ACTION NO. 1:22CV335-HSO-RPM

MIKE EZELL                                                                             RESPONDENT

## REPORT AND RECOMMENDATION

On December 30, 2022, Jerry Patrick Williams filed an amended 28 U.S.C. § 2241 petition for writ of habeas corpus. Doc. [7]. In the petition, he challenges his pre-trial detention on motor vehicle theft charges in Jackson County, Mississippi. Williams alleges he was unlawfully arrested on July 3, 2022; he has not been indicted; and there is a lack of evidence to prove his guilt. Williams acknowledges that he has not filed any appeals. He requests "an immediate release from custody." Respondent filed a motion to dismiss on May 1, 2023. Doc. [17]. On October 18, 2023, Respondent filed a supplement to advise the Court on the progress of criminal proceedings against Williams. Doc. [18]. Williams has not filed a response in opposition to Respondent's motion to dismiss.

## Law and Analysis

Williams is a pre-trial detainee; therefore, his petition for federal habeas relief is governed by 28 U.S.C. § 2241. *See Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987). He challenges the lawfulness of his detention based on a speedy trial violation, lack of indictment, and insufficient evidence. There are two requirements for pre-trial habeas relief under § 2241. The petitioner must be in custody; and the custody must be "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

The courts have imposed a further condition, by case law, that state court remedies first be exhausted. *Dickerson*, 816 F.2d at 228. "[F]ederal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973).

> [A]lthough section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner.

*Dickerson*, 816 F.2d at 225. The Supreme Court has held that a habeas petition may not disrupt pending state criminal proceedings by attempting to litigate constitutional defenses prematurely in federal court. *Braden*, 410 U.S. at 493. "The exhaustion doctrine is a judicially crafted instrument which reflects a careful balance between important interests of federalism and the need to preserve the writ of habeas corpus as a 'swift and imperative remedy in all cases of illegal restraint or confinement.'" *Id.* at 490 (citations omitted).

Williams' petition should be dismissed based on his failure to exhaust state remedies.

> A claim is not exhausted unless the habeas petitioner provides the highest state court with "a fair opportunity to pass upon the claim," which in turn requires that the applicant "present his claims before the state courts in a procedurally proper manner according to the rules of the state court.

*Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999) (quoting *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988). In his amended petition, Williams indicated he has not filed any appeal, grievance, or administrative remedy. He also admits he has "not had to appeal anything." Hence, by his own admission, Williams did nothing to seek redress in state court prior to seeking federal habeas relief.

Based on Respondent's supplement filed on October 18, 2023, it is apparent that Williams' criminal charges are proceeding in due course and that the claims asserted in the habeas petition are being pursued in the state trial court. On June 8, 2023, the grand jury indicted Williams on charges of motor vehicle theft and as a habitual offender. Doc. [18-1]. The circuit court appointed counsel to represent Williams. Doc. [18-4]. Williams was arraigned on October 3, 2023, and the trial court scheduled a trial for July 29, 2024. Doc. [18-6]. Meanwhile, Williams' criminal defense attorney has filed a "motion for discovery and demand for speedy trial." Doc. [18-7]. Based on the foregoing, an intervention by the federal court would disrupt the ongoing state criminal proceeding and violate the basic principles of federalism. *See Dickerson*, 816 F.2d at 225. Accordingly, Williams' petition should be denied.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Respondent's [17] Motion to Dismiss be GRANTED and that Jerry Patrick Williams' 28 U.S.C. § 2241 petition be dismissed.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed

findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    SO ORDERED AND ADJUDGED, this the 30th day of November 2023.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE