IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **JERRY PATRICK WILLIAMS** | § | **PETITIONER** |
| | § | |
| **v.** | § | **Civil No. 1:22-cv-335-HSO-RPM** |
| | § | |
| **MIKE EZELL** | § | **RESPONDENT** |

**ORDER ADOPTING MAGISTRATE JUDGE'S [19] REPORT AND RECOMMENDATION AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS [7]**

This matter comes before the Court on the Report and Recommendation [19] of United States Magistrate Judge Robert P. Myers, Jr., entered in this case on November 30, 2023. Petitioner Jerry Patrick Williams has not filed an Objection to the Report and Recommendation [19]. After due consideration of the Magistrate Judge's Report and Recommendation [19], the record, and relevant legal authority, the Court finds that the Magistrate Judge's Report and Recommendation [19] should be adopted and that Petitioner's Amended Petition for Writ of Habeas Corpus [7] should be dismissed without prejudice.

I. BACKGROUND

Petitioner Jerry Patrick Williams ("Petitioner" or "Williams") filed an amended 28 U.S.C. § 2241 petition for writ of habeas corpus on December 30, 2022.

Am. Pet. [7]. In it, he challenges his pre-trial detention on motor vehicle theft charges in Jackson County, Mississippi. *See id.* Williams alleges he was unlawfully arrested on July 3, 2022, that he has not been indicted,[1] and that there is a lack of evidence to prove his guilt. *See id.*

Respondent Mike Ezell ("Respondent" or "Ezell") filed a Motion [17] to Dismiss the Amended Petition [7] on May 1, 2023. Mot. [17]. Respondent argued that Williams's claims are premature, and thus not cognizable, under the abstention doctrine applicable to § 2241 petitions announced by the Supreme Court in *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973). *See* Mot. [17] at 5; *see also Dickerson v. State of La.*, 816 F.2d 220, 225 (5th Cir. 1987) (discussing how "federal courts should abstain from the exercise of [§ 2241] jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner").

Alternatively, Respondent asked the Court to dismiss the Amended Petition [7] without prejudice because Williams failed to exhaust his state-court remedies by failing to request the relief in state court before seeking it in this Court. *See* Mot. [17] at 7; *see also Dickerson*, 816 F.2d at 228 (explaining that federal district courts should not address an issue in a § 2241 petition unless "the very issue which forms the basis for relief in the federal courts has been raised in the state court"). Respondent filed a supplement on October 18, 2023, to advise the Court about the status of the state-court proceedings. Doc. [18]. Williams did not respond to the

---

[1] Williams was indicted on June 8, 2023. *See* Doc. [18-1].

2

Motion [17] to Dismiss.

The Magistrate Judge entered a Report and Recommendation [19] ("R&R") on November 30, 2023, recommending that the Court dismiss the Amended Petition [7] because Williams failed to exhaust his state-court remedies, as he "did nothing to seek redress in state court prior to seeking federal habeas relief." R&R [19] at 2. Williams had fourteen days to object to the Report and Recommendation under 28 U.S.C. § 636(b)(1) but has not filed an objection to date, and the time for doing so has passed.

## II.   DISCUSSION

Where no party has objected to a magistrate judge's report and recommendation, the Court need not conduct a de novo review of it. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). In such cases, the Court applies the "clearly erroneous, abuse of discretion and contrary to law" standard of review. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

The Magistrate Judge entered the Report and Recommendation [19] on November 30, 2023. Neither Respondent nor Williams has objected to the Report and Recommendation [19] and the time for doing so has passed. Having conducted the required review, the Court concludes that the Magistrate Judge's findings are not clearly erroneous, nor are they an abuse of discretion or contrary to law. *See id.* As the Report and Recommendation [19] explains, in the "amended petition,

Williams indicated he has not filed any appeal, grievance, or administrative remedy. He also admits he has 'not had to appeal anything.'" R&R [19] at 2. Because the "issue[s] which form[] the basis for relief in" this Court have not "been raised in the state court," *Dickerson*, 816 F.2d at 228, the Report and Recommendation [19] is not contrary to law in recommending that the Amended Petition [7] be dismissed without prejudice for Williams's failure to exhaust state-court remedies. Further, the Court will not address Respondent's argument that the Amended Petition [7] should be dismissed *with* prejudice because Respondent did not object to the Magistrate Judge's conclusion that the Amended Petition [7] be dismissed without prejudice for failure to exhaust state-court remedies. Accordingly, dismissal of Williams's Petition [7] without prejudice is warranted.

### III.  CONCLUSION

The Court will adopt the Magistrate Judge's Report and Recommendation [19] as the opinion of this Court and dismiss the Amended Petition for Writ of Habeas Corpus [7] without prejudice.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Report and Recommendation [19] of United States Magistrate Judge Robert P. Myers, Jr., entered in this case on November 30, 2023, is **ADOPTED** in its entirety as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Petitioner Jerry Patrick Williams's Amended Petition for Writ of Habeas Corpus [7] is **DISMISSED WITHOUT PREJUDICE**. The Court will issue a separate Final Judgment in

accordance with Rule 58 of the Federal Rules of Civil Procedure.

**SO ORDERED AND ADJUDGED**, this the 3rd day of January, 2024.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE